UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES BURNS (#428129)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 08-667-JVP-SCR

## NOTICE

　　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

　　　In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Baton Rouge, Louisiana, February 10, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES BURNS (#428129)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 08-667-JVP-SCR

<u>MAGISTRATE JUDGE'S REPORT</u>

Before the court is the petition of Charles Burns for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner pled guilty to one count second degree kidnapping and one count armed robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on June 19, 2000.  On August 31, 2000, the petitioner was sentenced to 28 years imprisonment without benefit of probation, parole, or suspension of sentence in the custody of the Louisiana Department of Public Safety and Corrections.  Petitioner filed a motion for reconsideration of his sentence which was denied on October 24, 2000.

Petitioner did not appeal his convictions and sentences.

On February 23, 2001, the petitioner filed an application for post-conviction relief.  On August 16, 2001, the district court denied relief specifically relying on La. C.Cr.P. art. 930.4. Petitioner sought review by the Louisiana First Circuit Court of Appeal.  On October 18, 2002, the First Circuit Court of Appeal denied review.  *State of Louisiana ex rel. Burns v. State of*

1

*Louisiana*, 2002-1218 (La. App. 1st Cir. 10/18/02). Petitioner filed an application for rehearing which was denied. *State of Louisiana, ex rel. Charles Burns v. State of Louisiana*, 2002-2326 (La. App. 1st Cir. 1/13/03). Petitioner sought review by the Louisiana Supreme court. On February 20, 2004, the Louisiana Supreme Court denied review. *State of Louisiana ex rel. Burns v. State of Louisiana*, 2003-0643 (La. 2/20/04).

Petitioner filed a Motion to Vacate and Correct an Illegal Sentence on April 5, 2007. The trial court denied relief on July 19, 2007. Petitioner sought review by the Louisiana First Circuit Court of Appeal. On September 17, 2007, the Louisiana First Circuit Court of Appeal treated the petitioner's motion as an application for post-conviction relief and denied review on the grounds that the application was untimely. *State of Louisiana v. Charles Burns*, 2007-1540 (La. App. 1st Cir. 9/17/07). Petitioner sought review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review on August 29, 2008. *State of Louisiana ex. rel. Charles Burns v. State of Louisiana*, 989 So.2d 96 (La. 2008).

Petitioner signed his federal habeas corpus application on October 13, 2008, and it was filed on October 17, 2008.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective

Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

Petitioner's conviction became final on October 30, 2000.[1] Between the date the petitioner's conviction became final and February 23, 2001, the date the petitioner filed his first application for post-conviction relief, 115 days of the limitations period elapsed.  Between February 20, 2004, the date the Louisiana Supreme Court denied review on the petitioner's first application for post-conviction relief, and April 5, 2007, the date the petitioner filed his second application for post-conviction relief

---

[1] Copies of the petitioner's motion to reconsider the sentences and the district court's ruling on it were not included in the state court record.  This court will accept the respondent's representations that the motion was denied on October 24, 2000 since noting else in the state court record is inconsistent with this date.  Moreover, any inaccuracy regarding the date of the ruling has no dispositive effect on the untimeliness determination.

At the time of the petitioner's conviction, La. C.Cr.P. art. 914(B)(2) provided that a motion for appeal must be made no later than five days after the rendition of judgment or ruling. In 2003, La.C.Cr.P. art. 914(B)(2) was amended to provide that a motion for appeal must be made no later than 30 days after the rendition of judgment or ruling.  For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  The last day of the five-day period fell on October 29, 2000, which was a Sunday. Thus, the time period was extended to the next business day for the court, which was Monday, October 30.

3

(Motion to Vacate and Correct an Illegal Sentence), 1,139 days of the limitations period elapsed.  Between August 29, 2008, the date the Louisiana Supreme Court denied review on the petitioner's second post-conviction relief application and October 13, 2008, the date the petitioner signed his federal habeas corpus application, an additional 44 days of the limitations period elapsed.  By the time petitioner filed his federal habeas corpus application on October 13, 2008, more than one year of the limitations period (1,298 days) elapsed.[2]  Petitioner's federal habeas corpus application was not timely filed.[3]

### RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, February 10, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the entire state court record was not filed, the portions of the state court record produced are sufficient to determine whether the petitioner's federal habeas corpus application is timely.  Moreover, the dates relied upon to determine timeliness are undisputed by the petitioner.

[3] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.  *Coleman v. Johnson*, 184 F.3d 398 (5th Cir. 1999).  A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).